

# NUMBER 13-11-00042-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**DAREN LEE JOHNS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

_____

### On appeal from the Criminal District Court
### of Jefferson County, Texas
_____

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Daren Lee Johns, pursuant to a plea bargain, pleaded guilty to delivery of a controlled substance (cocaine), a first degree felony, and the trial court placed him on five years' deferred adjudication community supervision. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). The State subsequently filed a motion to

revoke unadjudicated community supervision, alleging appellant violated the terms and conditions of his community supervision. The trial court revoked appellant's unadjudicated community supervision, found appellant guilty of delivery of a controlled substance, and sentenced him to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By one issue, appellant contends he was denied a complete record on appeal because the reporter's transcript does not include the earlier plea bargain proceedings. No complaint has been made regarding the current revocation proceeding.[1] We affirm.

## I. BACKGROUND[2]

On November 17, 2008, the trial court sentenced appellant to serve five years of deferred adjudication community supervision pursuant to a plea bargain. On that same date, appellant executed a document entitled "Trial Court's Certification of Defendant's Right of Appeal" which states that the criminal case "[i]s a plea bargain case, and the defendant has NO right of appeal," and that "[t]he Defendant has waived the right of appeal." (emphasis in original). On November 30, 2010, the trial court held a hearing on the State's motion to revoke, during which appellant pleaded true to three counts.[3] In addition, appellant admitted during the court's examination to the following: he had been a "big-time addict" for quite a few years; he committed numerous thefts by check

---

[1] The appellate record includes the reporter's transcript from the current revocation proceeding, but does not include the reporter's transcript from the earlier plea-bargain proceeding.

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §73.001 (West 2005).

[3] The State's motion alleged: (1) appellant failed to report to the Community Supervision and Corrections Department for the months of May, June, July, August, and September, 2010; (2) appellant failed to immediately report to the community supervision officer his change of address; and (3) appellant failed to provide verification of performing the community service hours required.

so he could purchase drugs, which included the revocation of a probation sentence; he had a public intoxication and possession of paraphernalia charge; and he had a felony possession of a controlled substance, which resulted in the revocation of five-years of probation. The court revoked appellant's unadjudicated community supervision, found appellant guilty of delivery of a controlled substance, and sentenced appellant to twenty-five years' confinement. Appellant thereafter executed a document entitled "Trial Court's Certification of Defendant's Right of Appeal," which states that the criminal case "[i]s not a plea bargain case and the defendant has the right of appeal." No motion for new trial was filed, and no objections were made during the course of the revocation proceeding. This appeal followed.

## II. ARGUMENT ON APPEAL

Appellant contends that he was denied a complete record on appeal despite his compliance with the rules to secure a complete record. *See* TEX. R. APP. P. 34.6 (reporter's record request); TEX. R. APP. P. 35.3 (reporter's record filing). Appellant complains that the appellate record does not include the reporter's record from the earlier plea proceeding. Appellant argues that, as a result, he "cannot adequately address *potential issues* to be raised on direct appeal" regarding matters that might have occurred in the original plea proceeding, such as the trial court pre-determining the sentence at the time of entry of the original plea; the trial court making comments that would render the ultimate sentence insupportable; or the State electing to proceed on a lesser charge with the trial court's permission, thereby affecting the punishment range.

## III. ANALYSIS

The Court of Criminal Appeals held in *Manuel*, that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when the deferred adjudication community supervision is first imposed. *See Manuel v. State,* 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. art. 42.12 § 23(b) (West 2010); *Nix v. State,* 65 S.W.3d 664, 667—68 (Tex. Crim. App. 2001). A court of appeals lacks jurisdiction over an appeal of an earlier order of deferred adjudication community supervision unless the trial court gives permission to appeal. *See* TEX. CODE CRIM. PROC. art. 44.02 (West 2006); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Griffin v. State,* 145 S.W.3d 645, 648 (Tex. Crim. App. 2004). The reporter's record from the original deferred adjudication proceeding is not necessary to the resolution of an appeal from a revocation proceeding. *Daniels v. State,* 30 S.W.3d 407, 408 (Tex. Crim. App. 2000); *see also Manning v. State,* No. 09-10-00068-CR, 2010 Tex. App. LEXIS 8105, at *3 (Tex. App.—Beaumont Oct. 6, 2010, no pet.) (mem. op.); *Scott v. State*, No. 05-02-00841-CR, 2003 Tex. App. LEXIS 3126, at *2 (Tex. App.—Dallas Apr. 10, 2003, no pet.) (mem. op.).

We lack jurisdiction to entertain an untimely appeal involving issues from the plea proceeding. Appellant's "potential issues" relate solely to his original plea proceeding, and they were required to be timely presented after the trial court imposed deferred adjudication community supervision. Appellant did not obtain the trial court's permission for an appeal from the plea proceeding, but rather waived his right to an appeal.

Consequently, the reporter's record from that proceeding is not necessary to the resolution of this appeal. We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
GREGORY T. PERKES
Justice

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2011.